## Carter v. Commonwealth.

March 7, 1941.

W. D. O'Neal, Eldred E. Adams, A. O. Carter and W. J. Roberts for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Dismissing appeal.

The appellant, Sonn Carter, was convicted of the crime of malicious wounding and sentenced to be confined for three years in the penitentiary. On June 25, 1940, his motion for a new trial was overruled and he was given until the last day of the October, 1940, term to present his bill of exceptions—it was filed and made a part of the record by order entered on October 26, 1940. On January 3, 1941, the present appeal was taken by lodging in the office of the Clerk of this court a transcript of the record.

The Commonwealth moved to dismiss the appeal on account of appellant's failure to comply with Subsection 4 of Section 336 of the Criminal Code which provides that where time is given beyond the term at which judgment is rendered to present a bill of exceptions, the transcript of the record may be filed in the Clerk's office of this court within sixty days after the bill of exceptions is made a part of the record. This motion was passed to the merits and we are now confronted with it.

It is apparent that the motion to dismiss the appeal

must be sustained since the transcript of the record was not filed for considerably more than sixty days after the bill of exceptions was made a part of the record on October 26, 1940. We have held many times that this code provision is mandatory and that this Court has no jurisdiction of an appeal unless the record is filed within sixty days after the bill of exceptions is made a part of the record. See Freeman v. Com., 272 Ky. 210, 113 S. W. (2d) 1149.

On account of the fact that the motion was passed to the merits and that the case was briefed on the merits by both sides we have carefully read the entire record and find that no error was committed. Were we to pass on the merits of the case the judgment would be affirmed.

The appeal is dismissed.